**STEVEN AMES BROWN**
Entertainment Law 83363
69 Grand View Avenue
San Francisco, California 94114-2741
415/647-7700 Tele
415/285-3048 Fax
sabrown@entertainmentlaw.com

Attorney for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

POSITIVE RESOURCE CENTER,
PROJECT OPEN HAND,

     Plaintiffs,

vs.

UNIDISC MUSIC, INC.,

     Defendant.        /
———————————————————————/

COMPLAINT;
DEMAND FOR JURY

1.    Plaintiff Positive Resource Center, is a California nonprofit corporation with a principal place of business in San Francisco.  Plaintiff Project Open Hand is a California nonprofit corporation with a principal place of business in San Francisco.  Defendant Unidisc Music, Inc. ("Unidisc") is a Canadian corporation with a principal place of business in Quebec, Canada.  The matter in controversy exceeds, exclusive of interest and costs, the sum of $75,000.00.  This Court has diversity jurisdiction under 28 U.S.C. § 1332(a)(2).  Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).  Alternately, this Court has jurisdiction under the Copyright Act, 28 U.S.C. § 1331, in the event the Court determines that the rescission of agreements conveying copyrights requires an interpretation of that Act.

2.    Defendant is subject to specific jurisdiction in California on the basis that the contracts at-issue, under which Unidisc claims rights, stipulate they "shall be governed by the laws of California applicable to agreements wholly performed therein" and Defendant's performance is due in San Francisco.  Defendant is also subject to specific jurisdiction because it has licensed the sound recordings at-issue herein to both Google Play and iTunes under written agreements in which Defendant submitted to the jurisdiction of the Northern District for all disputes concerning the sound recordings at-issue.

3.    Intradistrict Assignment.  This action is properly filed in this division because a substantial part of the events or omissions which give rise to the claim occurred in San Francisco.  Among other things, Defendant's performance was due in San Francisco.

4.    Sylvester James ("Sylvester") was a seminal "disco" recording artist who lived and authored sound recordings in San Francisco.  This lawsuit involves iconic recordings such as *Do You Wanna Funk, Don't Stop, Band of Gold, Trouble in Paradise* and *Take Me to Heaven* as more particularly identified below.  Sylvester entered into a series of agreements with Megatone Records ("Megatone"), also of San Francisco,

under which he authored various sound recordings and transferred the copyrights to Megatone in exchange for periodic royalty statements and royalty payments based on rates specified in the agreements.  The contracts were dated April 29, 1982, May 26, 1982, August 1, 1982 and August 1, 1983 ("Artist Agreements").

5.    Pursuant to the Artist Agreements James authored the following sound recordings ("Sound Recordings") in San Francisco which Megatone registered with the Copyright Office:

| | |
|---|---|
| *Do You Wanna Funk* | SR0000038242 |
| *All I Need* | SR0000040369 |
| *Band of Gold* | SR0000046345 |
| *Call Me* | SR0000050758 |
| *Sylvester* | SR0000059036 |
| *Rock the Box* | SR0000059624 |
| Various | V2735P088 |

6.  Sylvester passed on December 16, 1988.  Plaintiffs are the successors-in-interests to Sylvester's rights in the Artist Agreements.

7.  Since 1992, Unidisc has been the successor-in-interest to Megatone and remains the current owner of the Sound Recordings' copyrights.

8.    The fair market value of the Sound Recordings' copyrights exceeds $75,000.00 exclusive of interest.

[FIRST CLAIM]

[DECLARATORY RELIEF]

9.  Plaintiffs incorporate by reference paragraphs 1 through 8.

10.  Sylvester and Plaintiffs have performed all obligations required of them under the Artist Agreements.  The only executory obligations remaining are Defendant's ongoing duties to render periodic royalty statements and to pay the royalties then due,

1    according to the rates specified in the Artist Agreements.

2         11.   By letter dated May 13, 2013, Unidisc's Managing Director, George

3    Cucuzella, was provided with the San Francisco Superior Court's orders distributing

4    Sylvester's rights in the Artist Agreements and a demand for Unidisc's performance.

5         12.   At no time within the four years last past has Unidisc rendered any royalty

6    statements or tendered any royalty payments to Plaintiffs as required by the Artist

7    Agreements, even though the Sound Recordings are and have been exploited

8    throughout the world since they were acquired by Unidisc.

9         13.   Unidisc's failure and refusal to render royalty statements or to pay royalties

10   due under various artist agreements is not isolated to Plaintiffs, but is Defendant's

11   regular business practice.

12        14.   The consideration due Plaintiffs under the Artist Agreements, *i.e.,* the rights

13   to periodic accountings and royalties, have failed in whole or in part because of

14   Defendant's fault within the meaning of Civil Code § 1689(b)(2).  The consideration has

15   also failed in a material respect before it was rendered to Plaintiffs within the meaning

16   of Civil Code § 1689(b)(4).

17        15.   Plaintiffs hereby elect to rescind each and every one of the Artist Agreements

18   and pursuant to Civil Code § 1691 intend service of this pleading to constitute notice of

19   rescission.

20        16.   Plaintiffs hereby offer to restore to Defendant everything of value which

21   Plaintiffs have received from Defendant providing Defendant restore to Plaintiff

22   everything of value it has received.

23        17.   Pursuant to Civil Code § 1692, Plaintiffs are excused from restoring anything

24   to Defendant in the event Defendant is unable or positively refuses to restore the

25   copyrights to the Sound Recordings to Plaintiffs.

26        18.   Pursuant to Civil Code § 1692, as a consequence of their rescission Plaintiffs

1    are entitled to a judicial order restoring to them the copyright interests in the Sound

2    Recordings conveyed by Sylvester under the Artist Agreements.

3         19.  Plaintiffs are also entitled to a judicial declaration confirming the rescission

4    effected by this notice.

5         20.  Plaintiffs also seek judicial adjustment of the equities between the parties as

6    the Court in its judgment shall order.

7                                    [SECOND CLAIM]

8                              [CONSEQUENTIAL DAMAGES]

9         21.  Plaintiffs incorporate paragraphs 1 through 20.

10        22.  Pursuant to Civil Code § 1692 Plaintiffs are entitled to an order compelling

11   Defendant to deliver to Plaintiffs the material objects in which the Sound Recordings are

12   embodied, including but not limited to the multi-track, two-track, DAT, WAV and all other

13   studio quality fixations and associated production parts and documents, including but

14   not limited to, track sheets, mix notes and all packaging with labels in tact.

15        23.  Pursuant to Civil Code § 1692 Plaintiffs are entitled to all other consequential

16   damages occasioned by Defendant's retention of the Sound Recording copyrights after

17   it caused the failure of the consideration due Plaintiffs under the Recording Agreements,

18   including, but not limited to, the profits earned by Defendant during the period of

19   limitations through trial.

20                                    [THIRD CLAIM]

21                               [BREACH OF CONTRACT]

22        24.  Plaintiffs incorporate paragraphs 1 through 12.

23        25.  Pursuant to Civil Code § 1692, should the Court determine that one or more

24   of the Artist Agreements has not been rescinded, Plaintiffs seek all other relief against

25   Defendant to which they are entitled under the circumstances.

26        26.   As a direct and proximate result of Defendant's conduct as aforesaid,

Plaintiffs have been damaged in a sum in excess of $75,000.00 in unpaid royalties due under the Artist Agreements within the period of limitations.

WHEREFORE, Plaintiffs pray judgment against Defendant as follows:

1. A judicial declaration confirming the rescission of the Artist Agreements;

2. A judicial declaration excusing Plaintiffs from having to restore any consideration to Defendant, owing to Defendant's inability and/or positive refusal to restore Sylvester's copyright interests to Plaintiffs;

3. A judicial declaration restoring to Plaintiffs the copyright interests Sylvester granted under the Artist Agreements;

4. An injunction requiring Defendant to deliver to Plaintiffs the items specified in paragraph 22 above;

5. A judicial adjustment of the equities as between the parties, including damages in excess of $75,000.00;

6. Costs of suit;

7. Such further relief as the Court may deem just;

8. Plaintiffs demand a trial by jury.

Dated: December 7, 2017

Respectfully submitted,


/S/

STEVEN AMES BROWN
Attorney for Plaintiff